41 Cal.App.4th 264 (1995)
48 Cal. Rptr.2d 429
JOE ABANDONATO, Plaintiff and Appellant,
v.
ROBERT S. COLDREN et al., Defendants and Respondents.
Docket No. G016764.
Court of Appeals of California, Fourth District, Division Three.
December 20, 1995.
*265 COUNSEL
Smith & Ashworth and Mark A. Smith for Plaintiff and Appellant.
Hart, King & Coldren, Robert S. Coldren and Robert J. Mulvihill for Defendants and Respondents.
OPINION
SILLS, P.J.
Plaintiff Joe Abandonato appeals a postjudgment order awarding defendants, attorneys who represented themselves in propria persona, $4,500 in attorney fees pursuant to Code of Civil Procedure section 128.5. We affirm.

*266 I
In February 1992, Robert Kayyem filed a complaint for declaratory relief against Abandonato to determine the enforceability of a $525,000 promissory note purportedly written in 1982. Kayyem alleged no such note was ever made and he did not owe Abandonato any money. Abandonato filed a 58-page cross-complaint alleging Kayyem owed him money under the note. However, when Abandonato failed to produce the original note in response to various discovery requests, the court dismissed the cross-complaint as a discovery sanction.[1]
Two weeks before his cross-complaint was dismissed, Abandonato filed a 60-page complaint for abuse of process and invasion of privacy against Kayyem and his attorneys for purported discovery abuses in the declaratory relief action. However, a few weeks later Abandonato voluntarily dismissed the action and then immediately filed a new complaint making the same allegations.[2] Kayyem (who is an attorney) and his attorneys demurred to the complaint on the ground it was barred by the litigation privilege and made a motion for an award of attorney fees pursuant to Code of Civil Procedure section 128.5. Before the demurrer could be heard, Abandonato voluntarily dismissed the new complaint as well.
The court heard the motion for sanctions.[3] Concluding that defendants were the prevailing parties, the court, in a detailed written order, awarded them $4,500 in attorney fees because the complaint "is found to have been filed in bad faith and [Abandonato's] actions and tactics are found to have been frivolous."[4]

II
(1) Abandonato makes two arguments. First, he asserts the court could not find his actions were frivolous or taken in bad faith because the demurrer *267 (if it had been heard) would have been overruled. In making this argument, Abandonato blurs the reasons why sanctions were awarded.
The order awarding sanctions stated that the complaint "arises out of and is, in fact, an action challenging discovery initiated" by Kayyem in the declaratory relief action. Explaining that "[a]ny bona fide dispute or concern by [Abandonato] which involved the discovery in the [declaratory relief action] [] should have been brought to the attention of this [c]ourt in [that action] rather than through the filing of a new civil action," the court determined that "[t]he filing of a new civil action by [Abandonato] was calculated to require the expenditure of time and money by [d]efendants to defend an action without merit [and] was a continuation of the bad faith tactics of [Abandonato] and his counsel in abusing discovery and refusing to allow for or respond to discovery" in the declaratory relief action.
A court may, as occurred here, award sanctions under Code of Civil Procedure section 128.5 based upon a party's "entire pattern of conduct over the course of the litigation." (Andrus v. Estrada (1995) 39 Cal. App.4th 1030, 1042 [46 Cal. Rptr.2d 300].) Abandonato was sanctioned because of persistent bad faith tactics: He twice filed, and then voluntarily dismissed, complaints which raised issues that should have been litigated in the underlying declaratory relief action for the sole purpose of requiring Kayyem and his attorneys to needlessly waste time and money defending them. Under these facts, the court did not abuse its discretion in awarding sanctions against him (Tenderloin Housing Clinic, Inc. v. Sparks (1992) 8 Cal. App.4th 299, 304 [10 Cal. Rptr.2d 371]; On v. Cow Hollow Properties (1990) 222 Cal. App.3d 1568, 1578 [272 Cal. Rptr. 535]) even if, as Abandonato insists, the complaint could have withstood a general demurrer.[5]
Second, Abandonato argues that under our Supreme Court's recent decision in Trope v. Katz (1995) 11 Cal.4th 274 [45 Cal. Rptr.2d 241, 902 P.2d 259], defendants, who are attorneys, cannot be awarded attorney fees since they represented themselves in the action and neither paid, nor incurred any liability to pay, attorneys fees. Trope is inapposite.
*268 In Trope, the court held that "an attorney who chooses to litigate in propria persona and therefore does not pay or become liable to pay consideration in exchange for legal representation cannot recover `reasonable attorney's fees' under [Civil Code] section 1717 as compensation for the time and effort he expends on his own behalf or for the professional business opportunities he foregoes as a result of his decision." (11 Cal.4th at p. 292.)[6] Furthermore, "[t]he statute was designed to establish mutuality of remedy when a contractual provision makes recovery of attorney fees available to only one party, and to prevent the oppressive use of one-sided attorney fee provisions.... If an attorney who is the prevailing party in an action to enforce a contract with an attorney fee provision can recover compensation for the time he expends litigating his case in propria persona, but a nonattorney pro se litigant cannot do so regardless of the personal and economic value of such time simply because he has chosen to pursue a different occupation, every such contract would be oppressive and one-sided." (11 Cal.4th at pp. 285-286, italics in original.)
The considerations which powered Trope are not present when a court awards sanctions under Code of Civil Procedure section 128.5. To begin with, sanctions under that section are not limited to court costs and attorney fees but include those reasonable expenses "directly related to and in furtherance of the litigation" (Brewster v. Southern Pacific Transportation Co. (1991) 235 Cal. App.3d 701, 711 [1 Cal. Rptr.2d 89]) which are "incurred as a result of bad faith actions and tactics." (Tenderloin Housing Clinic, Inc. v. Sparks, supra, 8 Cal. App.4th at p. 307.) For example, sanctions have been awarded to a party as "compensation for time spent by [the party's] personnel in defending against the cross-complaint" (580 Folsom Associates v. Prometheus Development Co. (1990) 223 Cal. App.3d 1, 27 [272 Cal. Rptr. 227]), and as "compensation for airfare and reimbursement for lost vacation" time. (Tenderloin Housing Clinic, Inc. v. Sparks, supra, 8 Cal. App.4th at p. 307.)
In addition, there is nothing oppressive or one-sided in awarding attorney fees under Code of Civil Procedure section 128.5 to an attorney who litigates in propria persona. Unlike Civil Code section 1717, "[j]udgments for sanctions are not routine and are not necessarily related to the size of the recovery or the amount of time billed by the attorney. At least in theory, a judgment for sanctions could be greater than the amount of attorney time *269 actually billed [and it] is more like a money judgment compensating a party for harmful conduct than it is like an award of fees as part of the costs of the lawsuit." (Banks v. Manos (1991) 232 Cal. App.3d 123, 128-129 [283 Cal. Rptr. 318].) As a result, sanctions under section 128.5 may be awarded in favor of both a self-representing attorney and a nonattorney pro se litigant.
Finally, compensating the attorney for reasonable expenses in defending against sanctionable activities furthers the intent of Code of Civil Procedure section 128.5. This section was enacted "to facilitate the early weeding out of patently meritless claims and to permit the imposition of sanctions in the initial lawsuit  against both litigants and attorneys  for frivolous or delaying conduct...." (Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 873-874 [254 Cal. Rptr. 336, 765 P.2d 498], citations omitted.) Holding that the attorney in that situation could not be compensated for reasonable expenses would create a separate and artificial category of litigants who would be inadequately protected against another party's bad faith tactics.
Accordingly, the postjudgment order awarding defendants attorney fees pursuant to Code of Civil Procedure section 128.5 is affirmed. Defendants shall recover their costs on appeal.
Sonenshine, J., and Wallin, J., concurred.
On January 19, 1996, the opinion was modified to read as printed above.
NOTES
[1] Abandonato appealed the judgment dismissing the cross-complaint. That appeal is not fully briefed and is still pending.
[2] The record suggests Abandonato was forum shopping: Although the two actions were virtually identical, on the civil cover sheet for the new complaint Abandonato's attorney denied the action had been previously filed and dismissed. Moreover, in an unrelated matter involving different parties, the judge assigned to hear the first abuse-of-process complaint sanctioned Abandonato's attorney a substantial sum for filing a frivolous action.
[3] The court retains jurisdiction to award sanctions under Code of Civil Procedure section 128.5 to a person who has been involuntarily dismissed from an action. (West Coast Development v. Reed (1992) 2 Cal. App.4th 693, 706 [3 Cal. Rptr.2d 790]; Frank Annino & Sons Construction, Inc. v. McArthur Restaurants, Inc. (1989) 215 Cal. App.3d 353, 358-359 [263 Cal. Rptr. 592].)
[4] The motion was filed and heard in 1994 and thus the procedural requirements of Code of Civil Procedure section 128.7, which became effective January 1, 1995, do not apply.
[5] Although not germane, we note neither complaint stated a cause of action. "For our justice system to function, it is necessary that litigants assume responsibility for the complete litigation of their cause during the proceedings. To allow a litigant to attack the integrity of evidence after the proceedings have concluded, except in the most narrowly circumscribed situations, such as extrinsic fraud, would impermissibly burden, if not inundate, our justice system...." (Silberg v. Anderson (1990) 50 Cal.3d 205, 214 [266 Cal. Rptr. 638, 786 P.2d 365].) Here, the two complaints tried (and not very subtly) to rehash the discovery matters Abandonato lost in the underlying declaratory relief action. But as the court noted in its order awarding sanctions, and Silberg makes clear, that was improper and defendants' demurrer, even if it had been heard, properly would have been sustained.
[6] Civil Code section 1717, subdivision (a) states in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."