[No. B090724. Second Dist., Div. Seven. Feb. 10, 1997.]

In re the Marriage of BRIAN R. and ARLINE ADAMS.
BRIAN R. ADAMS v.
ARLINE ADAMS, Respondent;
DANIEL A. BERGMAN, Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Daniel A. Bergman, in pro. per., for Appellant.

Joel D. Adler and Roger T. Ritter for Respondent.

**OPINION**

**JOHNSON, J.**—This appeal stems from a court order directing appellant to pay sanctions pursuant to Code of Civil Procedure section 128.5. The issue

is whether trial courts may award Code of Civil Procedure section 128.5 sanctions to a party whose attorney represents her on a contingency basis. We hold they may and affirm the trial court's imposition of sanctions.

## FACTS AND PROCEEDINGS BELOW

The respondent, Arline Adams (Ms. Adams), filed a notice of renewal of judgment against her ex-husband, petitioner Brian R. Adams (Mr. Adams), for unpaid spousal support. On August 2, 1994, Ms. Adams served an order for examination of judgment debtor and a subpoena duces tecum on Mr. Adams with the examination and production of documents set for August 24, 1994. However, on August 22, 1994, Mr. Adams's wife had taken ill so his attorney, appellant Daniel A. Bergman, telephoned Ms. Adams's attorney, Joel Adler, and requested a continuance of the examination.

To save Adler a trip from San Francisco, Bergman offered to appear in front of the commissioner for the purpose of continuing the examination. Appellant and Ms. Adams differ whether the agreement to continue the examination included the subpoena. Adler claimed the agreement was to continue both the examination and the subpoena, while Bergman claimed he agreed to continue the exam only. According to Bergman, the sole reference to the production of documents was a statement to the effect Mr. Adams would voluntarily produce the documents prior to the examination if he chose to do so.

On August 23, 1994, Adler faxed a letter to Bergman confirming their telephonic agreement purportedly to continue both the judgment debtor examination and the subpoena. Bergman apparently was out of the office all day and did not read the faxed letter until after he appeared in front of the commissioner. The commissioner claimed no jurisdiction to compel Mr. Adams's appearance existed because no proof of service was filed, so he continued the examination only to September 14, 1994. Bergman then sent a notice of continuance of examination to Adler which stated the court's lack of jurisdiction to compel Mr. Adams's appearance. In response to this notice, Adler sent Bergman a filed copy of the proof of service for the judgment debtor examination and subpoena.

On the continued date, September 14, 1994, Mr. Adams appeared at the judgment debtor examination without the documents. The commissioner denied Adler's request for sanctions against Mr. Adams because no new subpoena was served. Adler then re-served a subpoena on Mr. Adams and the examination was continued to October 19, 1994.

Adler filed a motion for sanctions against both Mr. Adams and his attorney Bergman pursuant to Code of Civil Procedure section 128.5. Respondent requested $5,903 which represented Adler's time and expenses for

having to travel to Los Angeles from San Francisco twice. At the hearing on the motion for sanctions held on October 12, 1994, Adler dismissed Mr. Adams from the motion for sanctions since settlement negotiations had been entered into between Mr. and Ms. Adams prior to the hearing. The trial court found Bergman had engaged in bad faith tactics to cause delay and granted respondent's motion for attorney fee sanctions against Bergman for $2,951.50, or half of the amount requested. Bergman filed a timely notice of appeal from the sanction award.

## DISCUSSION

### I. *Code of Civil Procedure Section 128.5 Sanctions May Be Awarded in Contingency Fee Cases.*

Code of Civil Procedure section 128.5 subdivision (a) states, "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, *incurred by another party* as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. This section also applies to judicial arbitration proceedings under Chaper 2.5 (commencing with Section 1141.10) of Title 3 of Part 3." ■ In this appeal, Bergman focuses primarily on the fee agreement between Ms. Adams and her attorney as the reason sanctions should be disallowed. He argues Ms. Adams incurred no attorney fees because she had a contingency fee agreement with her lawyer. Since the attorney fees were not based on the hours spent or court appearances made, but were paid as a percentage of the recovery, Bergman claims Ms. Adams could not have "incurred" attorney fees within the language and intent of section 128.5.

Just because a client does not become liable to pay an attorney for services rendered if a settlement is not reached or a favorable judgment rendered does not preclude imposition of sanctions for an attorney's egregious behavior. Appellant places a narrower construction on the clause "incurred by another party" than the courts have allowed. In *West Coast Development* v. *Reed* (1992) 2 Cal.App.4th 693, 707 [3 Cal.Rptr.2d 790], the appellant objected to a fee award because there was "no showing that [respondent] actually had paid the fees charged by [his attorney]." The court addressed this argument by stating "the fact that a fee [may not be] paid is no evidence that it has not been earned." (*Ibid.*) In this case, there is ample evidence Adler incurred extra traveling expenses and preparation time for making the additional trip from San Francisco to Los Angeles to resolve the problems with the judgment debtor examination. Adler properly documented his time and costs in his declaration and the attachment to his application for order for sanctions pursuant to Code of Civil Procedure section 128.5.

An analogous situation arises for litigants representing themselves in propria persona. Following Bergman's reasoning, an argument could be made and was made in *Abandonato* v. *Coldren* (1995) 41 Cal.App.4th 264, 267 [48 Cal.Rptr.2d 429], that respondents "who [were] attorneys, [could not] be awarded attorney fees [under Code of Civil Procedure section 128.5] since they represented themselves in the action and neither paid, nor incurred any liability to pay, attorneys fees." Appellant in *Abandonato* urged the Fourth Appellate District to apply the Supreme Court's decision in *Trope* v. *Katz* (1995) 11 Cal.4th 274 [45 Cal.Rptr.2d 241, 902 P.2d 259] to the imposition of Code of Civil Procedure section 128.5 sanctions. In *Trope*, the court held "an attorney who chooses to litigate in propria persona and therefore does not pay or become liable to pay consideration in exchange for legal representation cannot recover 'reasonable attorney's fees' under [Civil Code] section 1717 as compensation for the time and efforts he expends on his own behalf or for the professional business opportunities he foregoes as a result of his decision." (11 Cal.4th at p. 292.)

The Fourth Appellate District was not persuaded and found "*Trope* inapposite." (*Abandonato* v. *Coldren, supra,* 41 Cal.App.4th at p. 268.) That court found the "considerations which powered Trope are not present when a court awards sanctions under Code of Civil Procedure section 128.5. To begin with, sanctions under that section are not limited to court costs and attorney fees but include those reasonable expenses 'directly related to and in furtherance of the litigation.' " (*Ibid.*) The court further explained there is "nothing oppressive or one-sided in awarding attorney fees under Code of Civil Procedure section 128.5 to an attorney who litigates in propria persona" and it held ". . . sanctions under section 128.5 may be awarded in favor of both a self-representing attorney and a nonattorney pro se litigant." (*Id.* at pp. 268-269.)

Bergman erroneously focuses on the fee arrangement between Ms. Adams and her attorney and urges this court to do so in turn. Bergman is correct in cautioning this court the "authority of the trial court to personally sanction an attorney should be employed with the greatest of care. . . ." (*County of Imperial* v. *Farmer* (1988) 205 Cal.App.3d 479, 487 [252 Cal.Rptr. 382].) Nonetheless, "[s]ection 128.5 reflects the Legislature's intent to broaden the trial court's power to award monetary sanctions to discourage frivolous litigation or delaying tactics." (*Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170, 175 [240 Cal.Rptr. 524].) In applying this statute, the courts cannot look to the fee agreement between a client and his or her attorney and whether the client will in fact be paying those fees.

The "fault with [appellant's] argument is that it has no . . . legal reason to support it." (*West Coast Development* v. *Reed, supra,* 2 Cal.App.4th at p.

707.) If we disallowed sanction awards *in favor* of parties represented by contingent fee lawyers but allowed sanctions awards *against* such parties, we would create an imbalance and defeat the true intent of the statute. Those parties, along with others who represent themselves in propria persona, or who are legal aid recipients, would be prevented from obtaining sanction awards under Code of Civil Procedure section 128.5 no matter how egregious the conduct of the parties opposing them. "Holding that the attorney in th[ose] situation[s] could not be compensated for reasonable expenses would create a separate and artificial category of litigants who would be inadequately protected against another party's bad faith tactics." (*Abandonato* v. *Coldren, supra,* 41 Cal.App.4th at p. 269.) Conversely, these same parties would be subject to pay monetary sanctions for their own violations of Code of Civil Procedure section 128.5. So in many cases parties represented by fee-for-service lawyers, and their counsel, could disregard discovery orders without fear of meaningful sanctions while their opponents represented by contingent fee or legal service or pro bono counsel, would have to obey like orders or risk major financial penalties. We would never assume the Legislature intended such unequal treatment of litigants before our courts and indeed seriously question whether such an interpretation of section 128.5 would survive scrutiny under the equal protection clause.

II.   *The Trial Court Did Not Abuse Its Discretion in Awarding Attorney Fees in This Case.\**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The order imposing sanctions is affirmed.

Respondent to recover her costs on appeal.

Lillie, P. J., and Woods, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 14, 1997.

---

\*See footnote, *ante*, page 911.