[No. B115047. Second Dist., Div. Five. July 30, 1999.]

NISSIM ARGAMAN, Plaintiff and Respondent, v.
RAM RATAN, Defendant and Appellant;
GEORGE McGILL, Objector and Respondent.

COUNSEL

George McGill for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

No appearance for Objector and Respondent.

OPINION

GRIGNON, Acting P. J.—In *Trope* v. *Katz* (1995) 11 Cal.4th 274 [45 Cal.Rptr.2d 241, 902 P.2d 259], the Supreme Court held that an attorney who litigates in propria persona in an action to enforce a contract containing an attorney's fee provision may not recover "reasonable attorney's fees" under Civil Code section 1717 as compensation for the time and effort expended and the professional business opportunities lost as a result. (11 Cal.4th at p. 277.) In accord with the rationale of *Trope*, we conclude that an attorney who litigates in propria persona may not be awarded a monetary discovery sanction under Code of Civil Procedure sections 2030, subdivision (*l*) and 2023, subdivision (b)(1),[1] based on compensation for the time and effort expended as a result of a misuse of the discovery process. Accordingly, we reduce the sanctions award of the trial court by the amount based on compensation for the attorney litigant's time and affirm the order as modified.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff Nissim Argaman is an attorney. In 1981, Argaman filed a complaint in propria persona against several parties, including defendant Ram Ratan. In May 1990, Argaman entered into a settlement agreement with Ratan. On July 15, 1992, a stipulated judgment was entered against Ratan pursuant to the agreement. Argaman proceeded in propria persona against Ratan to enforce the judgment. On May 7, 1997, Argaman filed a motion to compel Ratan to provide further answers to special interrogatories and for sanctions and attorney's fees. Argaman stated that he had expended 14 hours in connection with the motion and his billable rate was $250 an hour, and requested a total of $3,500 in compensation for his time. Argaman also declared that he had incurred costs of $14 to file the motion and $10 for duplication. On July 14, 1997, the trial court granted the motion to compel further responses in part and denied the motion in part. The trial court

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

ordered Ratan and his attorney George McGill[2] to pay sanctions of $500 to Argaman pursuant to section 2030. On August 8, 1997, Ratan filed a notice of appeal from the sanctions order.

## DISCUSSION

*Standard of Review*

 The propriety of a discovery sanction award is ordinarily reviewed using the abuse of discretion standard. (*Young* v. *Rosenthal* (1989) 212 Cal.App.3d 96, 114 [260 Cal.Rptr. 369].) However, statutory interpretation is a question of law which we determine de novo. (*Rail-Transport Employees Assn.* v. *Union Pacific Motor Freight* (1996) 46 Cal.App.4th 469, 473 [54 Cal.Rptr.2d 713].) "We begin as always 'with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent.' [Citation.] To discover that intent we first look to the words of the statute, giving them their usual and ordinary meaning. [Citations.] 'Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citation.]" (*Trope* v. *Katz, supra,* 11 Cal.4th at p. 280.)

*Sections 2023, subdivision (b)(1), and 2030, subdivision (l)*

 Ratan contends that the trial court erred in imposing monetary discovery sanctions against him pursuant to sections 2030, subdivision (*l*) and 2023, subdivision (b)(1) in an amount which included compensation for Argaman's time as an attorney, because Argaman did not incur an expense for his time. We agree.

Section 2030, subdivision (*l*) provides in pertinent part, "If the propounding party, on receipt of a response to interrogatories, deems that (1) an answer to a particular interrogatory is evasive or incomplete, (2) an exercise of the option to produce documents . . . is unwarranted . . . , or (3) an objection to an interrogatory is without merit or too general, that party may move for an order compelling a further response. . . . [¶] . . . [¶] The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a further response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

---

[2]Attorney McGill did not appeal the sanctions order individually. In the interest of justice, we construe the appeal to apply to both Ratan and Attorney McGill and modify the award as to both.

Section 2023, subdivision (b) provides in pertinent part: "To the extent authorized by the section governing any particular discovery method or any other provision of this article, the court, . . . may impose the following sanctions against anyone engaging in conduct that is a misuse of the discovery process. [¶] (1) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both[,] *pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct.* . . . If a monetary sanction is authorized by any provision of this article, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.)

No case has considered whether a monetary sanction for misuse of the discovery process may include compensation for time spent by an attorney litigant in propria persona. ■■■ However, we are guided by the Supreme Court decision in *Trope,* which held that an attorney acting in propria persona is not entitled to recover "reasonable attorney's fees" under Civil Code section 1717. In *Trope,* an attorney represented his own law firm in an action against a former client to collect unpaid fees. The fee agreement had provided for recovery of attorney's fees in the event of litigation. Following judgment for the law firm, the attorney moved for an award of attorney's fees. The Supreme Court held that an attorney who successfully represents himself or herself in litigation may not recover attorney's fees even when such fees are provided for by contract or statute.

■■■ Civil Code section 1717, subdivision (a) is similar to the discovery sanction provisions of section 2023, subdivision (b)(1) in that both statutes concern amounts "incurred" by a party.[3] "[B]y its terms [Civil Code] section 1717 applies only to contracts specifically providing that attorney fees 'which are *incurred* to enforce that contract' shall be awarded to one of the parties or to the prevailing party. (Italics added.) To 'incur' a fee, of course, is to 'become liable' for it (Webster's New Internat. Dict. (3d ed. 1961) p. 1146), i.e., to become obligated to *pay* it. It follows that an attorney litigating in propria persona cannot be said to 'incur' compensation for his time and his lost business opportunities." (*Trope* v. *Katz, supra,* 11 Cal.4th at p. 280, original italics.) In addition, the usual and ordinary meaning of the words "attorney's fees" is "the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation." (*Ibid.*) An attorney

---

[3]Civil Code section 1717, subdivision (a) provides in pertinent part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

who chooses to litigate in propria persona does not pay or become liable to pay consideration in exchange for legal representation. (*Id.* at pp. 280-282.)

"Let us assume for the sake of discussion . . . that an attorney litigant devotes as much time and effort to litigating a matter on his own behalf as he does to litigating a case on behalf of a client, and that his time is equally valuable whether he is acting on behalf of himself or of a client. It does not necessarily follow from this premise, however, that he is entitled to receive compensation from his opponent simply because the time he devotes to litigating a matter on his own behalf has value. The time that a doctor, for example, spends litigating a case on his own behalf also has value, both to the doctor himself and to society generally, for that time could otherwise be spent treating the sick or pursuing medical research for the benefit of all; an architect's time could otherwise be spent designing or building houses; a painter's time could be spent creating works of art for future generations to enjoy. However, it is clear that when it enacted [Civil Code] section 1717[,] the Legislature did not intend to allow doctors, architects, painters, or any other nonattorneys to receive compensation for the valuable time *they* spend litigating a contract matter on their own behalf. [Citations.]" (*Trope* v. *Katz, supra*, 11 Cal.4th at pp. 284-285, original italics.)

" 'The system would be one-sided, and would be viewed by the public as unfair, if one party (a lawyer litigant) could qualify for a fee award without incurring the potential out-of-pocket obligation that the opposing party (a nonlawyer) ordinarily must bear in order to qualify for a similar award [i.e., without paying or becoming liable to pay consideration in exchange for legal representation]. Moreover, if both parties opt to litigate *pro se*, it would be palpably unjust for one of them (the lawyer litigant) to remain eligible for an attorney fee award, while the other becomes ineligible. . . . [¶] . . . [¶] In our view, the public perception of fairness in the legal system is of greater moment than a lawyer litigant's claim to an attorney fee award if he elects to represent himself.' [Citations.]" (*Trope* v. *Katz, supra*, 11 Cal.4th at p. 286, original italics.)

The Supreme Court rejected the law firm's argument that an opponent receives a windfall if an attorney litigant representing himself or herself cannot recover attorney's fees. "*Any* litigant who chooses to represent himself in an action to which [Civil Code] section 1717 applies necessarily assumes the risk that he may be required to pay his opponent's attorney fees if he does not prevail, even though he will not be compensated for his own time and effort regardless of the result." (*Trope* v. *Katz, supra*, 11 Cal.4th at p. 289, original italics.)

 For these reasons, the Supreme Court held, ". . . an attorney who chooses to litigate in propria persona and therefore does not pay or become

liable to pay consideration in exchange for legal representation cannot recover 'reasonable attorney's fees' under [Civil Code] section 1717 as compensation for the time and effort he expends on his own behalf or for the professional business opportunities he forgoes as a result of his decision." (*Trope* v. *Katz, supra,* 11 Cal.4th at p. 292.)

This same rationale is applicable to an award of monetary discovery sanctions based on attorney's fees incurred. Civil Code section 1717 refers to reasonable attorney's fees *incurred* in an action to enforce a contract with an attorney's fee provision. Section 2023, subdivision (b)(1) refers to reasonable expenses, including attorney's fees, *incurred* as a result of a misuse of the discovery process. Under both statutes, the attorney's fees which are recoverable are those which are incurred. Under both statutes, a pro se attorney litigant does not incur attorney's fees, because the attorney litigant is not liable to pay consideration for the legal representation.

Of course, the two statutes are not identically worded and serve different purposes. Civil Code section 1717 restricts contractual attorney's fee provisions and makes them mutual and reciprocal. Civil Code section 1717 is concerned only with attorney's fees. Section 2023, subdivision (b)(1) encourages voluntary compliance with discovery procedures by assessing the costs of compelling compliance against the defaulting party. A monetary discovery sanction may be based not only on attorney's fees and costs, but also on any other reasonable expenses incurred. (*Tenderloin Housing Clinic, Inc.* v. *Sparks* (1992) 8 Cal.App.4th 299, 307 [10 Cal.Rptr.2d 371].) The term "reasonable expenses" includes other costs directly related to the discovery misuse. (Cf. *Brewster* v. *Southern Pacific Transportation Co.* (1991) 235 Cal.App.3d 701, 711 [1 Cal.Rptr.2d 89].) Although monetary discovery sanctions are mandatory, the award may not exceed the reasonable expenses incurred.[4] (*Ghanooni* v. *Super Shuttle* (1993) 20 Cal.App.4th 256, 262-263 [24 Cal.Rptr.2d 501].) However, to the extent the two statutes concern attorney's fees, the provisions are substantially identical. Thus, the rationale of *Trope* compels a conclusion that an attorney litigating in propria persona may not be awarded a monetary discovery sanction based on attorney's fees incurred to compel compliance.

The question remains whether the value of the attorney's time and effort may be the basis of a monetary discovery sanction as a "reasonable expense." We answer this question in the negative. Even if we were to view the

---

[4]Compare section 128.5, subdivision (d), allowing an award of "punitive damages" in certain circumstances, and section 177.5, giving a court the authority to impose "reasonable money sanctions" not to exceed $1,500.

attorney's time and effort as a reasonable expense, still the expense would not have been incurred, and the statute compensates only those reasonable expenses which have been incurred.

"Were we to construe the statute otherwise, we would in effect create two separate classes of pro se litigants—those who are attorneys and those who are not—and grant different rights and remedies to each. We find no support for such disparate treatment either in the language of [the statute], in the legislative policy underlying it, or in fairness and logic." (*Trope* v. *Katz, supra,* 11 Cal.4th at p. 277.) If an attorney pro se litigant's time is compensated by a discovery sanction, the time of other nonattorney pro se litigants, such as plumbers, physicians, and schoolteachers should also be compensated. Clearly, there is no support for such a broad construction of the statute in case authority. No sanctions case has approved an award based on reasonable expenses for the time and effort expended by a pro se litigant. (Cf. *580 Folsom Associates* v. *Prometheus Development Co.* (1990) 223 Cal.App.3d 1, 27 [272 Cal.Rptr. 227] [§ 128.5 sanctions awarded as "compensation for time spent by [the cross-defendant's] personnel in defending against the cross-complaint"].) Had the Legislature intended for all litigants to be compensated for time and effort expended in connection with discovery abuses, it could have so provided.

Our construction of reasonable expenses will not serve to emasculate discovery sanctions in cases involving pro se litigants. Such litigants may nevertheless be awarded monetary discovery sanctions in the amount of those reasonable expenses actually incurred. Moreover, monetary sanctions are not the only available remedy; the statute also provides for issue, evidence, and terminating sanctions if a party disobeys a court order compelling discovery. (§ 2030, subd. *(l)*.)[5]

Thus, we conclude an attorney litigating in propria persona may not be awarded monetary discovery sanctions based on compensation for time and effort expended as a result of a misuse of the discovery process.

In reaching this conclusion, we disagree with a case which considered monetary sanctions awarded to attorney pro se litigants pursuant to section 128.5: *Abandonato* v. *Coldren* (1995) 41 Cal.App.4th 264 [48 Cal.Rptr.2d

---

[5]Subdivision *(l)* of section 2030 reads in pertinent part: "If a party then fails to obey an order compelling further response to interrogatories, the court may make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Section 2023. In lieu of or in addition to that sanction, the court may impose a monetary sanction under Section 2023."

429]. Section 128.5 utilizes language similar to section 2023, subdivision (b)(1) in describing the basis of a monetary sanction award: "reasonable expenses, including attorney's fees, incurred by another party." In *Abandonato*, the Fourth District held that attorneys who represented themselves could be awarded attorney's fees as sanctions under section 128.5. The Fourth District distinguished *Trope* on three grounds. First, the *Abandonato* court noted that monetary sanctions under section 128.5 are not limited to costs and attorney's fees, but include reimbursement for all reasonable expenses directly related to and in furtherance of the litigation. (41 Cal.App.4th at p. 268.) However, the Fourth District overlooked the requirement that the other expenses also be incurred. Second, the court stated that it would not be "one-sided" to award attorney's fees under section 128.5 to an attorney pro se litigant, because a nonattorney pro se litigant may be awarded sanctions under section 128.5. The *Abandonato* court did not cite authority for the proposition that a nonattorney pro se litigant may be compensated for his or her time, nor did the court explain the manner in which a nonattorney pro se litigant would be compensated for his or her time. Finally, the *Abandonato* court reasoned that if an attorney pro se litigant could not be compensated for his or her time, the attorney would be inadequately protected against bad faith tactics. However, only monetary sanctions are available as a remedy for bad faith tactics under section 128.5. As we have previously discussed, nonmonetary discovery sanctions are available to protect pro se litigants from the misuse of the discovery process. Thus, none of these concerns bear close scrutiny.

In this case, the trial court imposed sanctions on Ratan and Attorney McGill under sections 2030, subdivision (*l*) and 2023, subdivision (b)(1). Section 2030, subdivision (*l*) required the trial court to impose a monetary sanction under section 2023, subdivision (b)(1) against Ratan and Attorney McGill for unsuccessfully opposing the motion to compel further responses to interrogatories. Section 2023, subdivision (b)(1) authorized the trial court to impose monetary sanctions to pay reasonable expenses Argaman had incurred in connection with the motion, including attorney's fees. However, Argaman did not incur any attorney's fees. Argaman's declaration stated that he expended his own time, which he valued at $3,500 based on his hourly rate, and incurred $24 in filing fees and duplication costs. The amount representing compensation for Argaman's time cannot be included in the sanctions award. The monetary sanction was limited to the costs Argaman actually incurred, specifically, $24 in filing fees and duplication costs. The $500 sanctions award must be reduced to an amount representing the actual costs Argaman incurred.

## DISPOSITION

The award of $500 sanctions payable by Ram Ratan and Attorney George McGill to Nissim Argaman is reduced to $24. As modified, the order is affirmed. The parties are to bear their own costs on appeal.

Armstrong, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied August 24, 1999.