[No. B150429. Second Dist., Div. One. Aug. 23, 2001.]

MICHELLE KRAVITZ et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TIMOTHY V. MILNER, Real Party in Interest.

## COUNSEL

Sheldon Rosenfield, in pro. per., and for Petitioner Michelle Kravitz.

No appearance for Respondent.

No appearance for Real Party in Interest.

## OPINION

**VOGEL (MIRIAM A.), J.**—Under the Civil Discovery Act of 1986, the trial court must impose monetary sanctions against *anyone* engaging in conduct that is a misuse of the discovery process, and *must* order the abuser to pay the *reasonable expenses, including attorney's fees*, incurred by anyone as a result of that conduct. Under *Trope v. Katz* (1995) 11 Cal.4th 274, 277 [45 Cal.Rptr.2d 241, 902 P.2d 259], a pro se lawyer *cannot recover attorney's fees* under Civil Code section 1717. Under *Abandonato v. Coldren* (1995) 41 Cal.App.4th 264, 268 [48 Cal.Rptr.2d 429], a pro se lawyer *can be awarded attorney's fees as sanctions* under Code of Civil Procedure section 128.5. Under *Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1175 [86 Cal.Rptr.2d 917], a pro se lawyer *cannot be awarded attorney's fees as a discovery sanction.*

From these inconsistent rules, we distill this wholly inadequate solution for all pro se litigants—including pro se lawyers—who have prevailed on

motions to compel responses to requests for production of documents: A pro se litigant cannot recover attorney's fees as a discovery sanction, but he can recover the "reasonable expenses" he has "incurred," including photocopying, computer-assisted legal research, and other identifiable and allocable costs.

## FACTS

Michelle Kravitz sued Timothy V. Milner for legal malpractice. Kravitz was represented by counsel (Sheldon Rosenfield), Milner was not (he answered and has thereafter appeared in propria persona). Milner served Kravitz with a request for the production of documents, and granted an extension when Rosenfield asked for more time to respond. When Kravitz still did not respond, Milner moved for an order compelling production and for sanctions in the amount of $1,673. (Code Civ. Proc., §§ 2031, 2023.)[1] In his supporting declaration, Milner explained how he calculated the $1,673:

"I charge my clients $300 per hour for litigation of this nature. Reasonable costs and attorney's fees for preparation of this Motion and for the time involved in the appearance before this Court to present and argue the Motion are:

| | | |
|---|---|---|
| "a. | 3.5 Hours of attorney time for motion preparation/dictation at $300.00/hr. | $1,050.00 |
| "b. | 2.00 hours of attorney time at $300.00/hr for travel and Court appearance. | $ 600.00 |
| "c. | the Court's Motion Filing Fee | $ 23.00 |
| | "TOTAL: | $1,673.00" |

Kravitz opposed Milner's motion to compel on the merits, and opposed Milner's request for sanctions on the ground that an attorney representing himself is not entitled to an award of attorney's fees as discovery sanctions. The trial court granted Milner's motion to compel and also granted his request for sanctions (payable by Kravitz and Rosenfield), noting in its minute order only that Kravitz had "failed to timely comply with a properly noticed request [for production]." Kravitz and Rosenfield then filed a petition for a writ of mandate, asking us to command the trial court to vacate its sanction award (except for the $23 filing fee). We issued an order to show cause and set the matter for hearing. Milner has not filed opposition.

---

[1] Undesignated section references are to the Code of Civil Procedure.

DISCUSSION

A.

In *Trope v. Katz, supra,* 11 Cal.4th 274, 277, a breach of contract action, our Supreme Court held that "an attorney who chooses to litigate in propria persona rather than retain another attorney to represent him in an action to enforce a contract containing an attorney fee provision" cannot recover " 'reasonable attorney's fees' under Civil Code section 1717 . . . as compensation for the time and effort expended . . . ."[2] Why? Because "the usual and ordinary meaning of the words 'reasonable attorney's fees' is the consideration that a litigant pays or becomes liable to pay in exchange for legal representation [and] the words 'attorney's fees' and 'counsel fees,' whether used in a contract or in a statute, had an established legal meaning at the time the Legislature enacted [Civil Code] section 1717. *In the absence of some indication either on the face of that statute or in its legislative history that the Legislature intended its words to convey something other than their established legal definition, the presumption is almost irresistible that the Legislature intended them to have that meaning."* (*Trope v. Katz, supra,* 11 Cal.4th at p. 282, italics added.)[3]

B.

In *Abandonato v. Coldren, supra,* 41 Cal.App.4th 264, 268, a tort case, Division Three of the Fourth District held that the "considerations which powered *Trope* are not present when a court awards sanctions under . . . section 128.5" to a pro se attorney.[4] Why? Because sanctions under section 128.5 "are not limited to court costs and attorney fees but include those

---

[2]As relevant, subdivision (a) of Civil Code section 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

[3]In addition, the Supreme Court explained that any other construction of Civil Code section 1717 would in effect create two separate classes of pro se litigants—those who are attorneys and those who are not—and grant different rights and remedies to each. "The time that a doctor, for example, spends litigating a case on his own behalf also has value, both to the doctor himself and to society generally . . . ; an architect's time could otherwise be spent designing or building houses; a painter's time could be spent creating works of art . . . . However, it is clear that when it enacted [Civil Code] section 1717 the Legislature did not intend to allow doctors, architects, painters, or any other nonattorneys to receive compensation for the valuable time *they* spend litigating a contract matter on their own behalf." (*Trope v. Katz, supra,* 11 Cal.4th at p. 285.)

[4]As relevant, subdivision (a) of section 128.5 provides: "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees,

reasonable expenses 'directly related to and in furtherance of the litigation' . . . which are 'incurred as a result of bad faith actions' " (such as compensation for time spent by the party's employees or as compensation for airfare and reimbursement for lost vacation time). In addition, says *Abandonato,* section 128.5 differs from Civil Code section 1717 because judgments for sanctions are not routine and are not necessarily related to the size of the recovery or the amount of time billed by the attorney. Finally, says *Abandonato,* section 128.5 was enacted to make it easier to get rid of patently meritless lawsuits and to permit the imposition of sanctions for frivolous or delaying conduct. To hold "that the attorney in that situation could not be compensated for reasonable expenses would create a separate and artificial category of litigants who would be inadequately protected against another party's bad faith tactics." (*Abandonato v. Coldren, supra,* 41 Cal.App.4th at pp. 268-269.)

## C.

In *Argaman v. Ratan, supra,* 73 Cal.App.4th 1173, 1175, Division Five of our court held that, in "accord with the rationale of *Trope,* . . . an attorney who litigates in propria persona may not be awarded a monetary discovery sanction under . . . sections 2030, subdivision (*l*) and 2023, subdivision (b)(1), based on compensation for the time and effort expended as a result of a misuse of the discovery process."[5] Why? Because the rationale for an award to a pro se lawyer of attorney's fees as discovery sanctions fails for

incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay."

[5] As relevant, subdivision (l) of section 2030 provides (with regard to interrogatories): "The court *shall impose a monetary sanction* under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a further response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust. [¶] *If a party then fails to obey an order* compelling further response to interrogatories, *the court may make those orders that are just,* including the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Section 2023. In lieu of or in addition to that sanction, the court may impose a monetary sanction under Section 2023." (Italics added.) Subdivision (m) of section 2031 has a virtually identical provision with regard to requests for inspection: "The court *shall impose a monetary sanction* under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel further response to an inspection demand, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust. [¶] *If a party fails to obey an order* compelling further response, *the court may make those orders that are just,* including the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Section 2023. In lieu of or in addition to that sanction, the court may impose a monetary sanction under Section 2023." (Italics added.) As relevant, subdivision (b)(1) of section 2023 provides: "To the extent authorized by the section governing any particular discovery method or any other provision of this article, the court . . . may impose the following sanctions *against anyone engaging in conduct that is a misuse*

the same reasons an award of Civil Code section 1717 attorney's fees fails. (*Argaman v. Ratan, supra,* 73 Cal.App.4th at pp. 1177-1180.) *Argaman* expressly rejects *Abandonato's* post-*Trope* analysis of sanction awards to pro se lawyers. Why? Because "[s]ection 128.5 utilizes language similar to section 2023, subdivision (b)(1) in describing the basis of a monetary sanction award: 'reasonable expenses, including attorney's fees, incurred by another party.' " (*Argaman v. Ratan, supra,* 73 Cal.App.4th at p. 1181.)

## D.

█ We agree with *Argaman* that a pro se lawyer cannot recover attorney's fees as a discovery sanction. But we think that some of the costs that pro se litigants incur, if reasonably identifiable and allocable, are recoverable as sanctions—even though those costs are ones that lawyers ordinarily include in their hourly rates or other fee structures. (Cf. *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1090-1091 [95 Cal.Rptr.2d 198, 997 P.2d 511] ["Civil Code section 1717 was originally enacted to establish mutuality of remedy when a contract makes recovery of attorney fees available only for one party and to prevent the oppressive use of one-sided attorney fees provisions"]; *Farmers Ins. Exch. v. Law Offices of Conrado Sayas* (9th Cir. 2001) 250 F.3d 1234, 1238 [California "courts have indicated that the rule in *Trope* restricting in propria persona attorneys from recovering fees . . . is narrow" but that "the meaning of the term 'incur' is fairly broad"].)

Any other interpretation of section 2023, subdivision (b)(1), not only penalizes pro se litigants but also defeats the primary purpose of the Discovery Act's provisions for sanctions. (§ 2017, subd. (d) [absent justification, the court *shall impose a monetary sanction* under Section 2023 *against any party, person, or attorney who unsuccessfully makes or opposes a motion for discovery*].) As one text puts it, one of the main reasons for the enactment of the Discovery Act of 1986 (§ 2016 et seq.) was to remedy "perceived abuses in the discovery process" that "subvert[ed] the purposes of discovery and g[a]ve wealthy litigants an unfair advantage over less wealthy adversaries." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) §§ 8.2-8.3, pp. 8A-2 - 8A-3.) That purpose isn't served when a pro se litigant's pro se status makes an award of monetary sanction meaningless.

---

*of the discovery process.* [¶] The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process . . . *pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct.* . . . *If a monetary sanction is authorized by any provision of this article, the court shall impose that sanction* unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.) *Argaman's* analysis of section 2030 necessarily applies with equal force to section 2031.

When one party attempts to use the discovery process as a financial bludgeon or an obfuscation tool, the most readily identifiable cost to the other party is the attorney's fees incurred in response to the abuser's acts or omissions. Where no fees are incurred, the abuser gets one free bite—because issue, evidence, and terminating sanctions must all be preceded by the abuser's disobedience of an order compelling him to do that which he should have done in the first instance. (§§ 2030, subd. (l) [interrogatories], 2031, subd. (m) [production of documents and other things]; Weil & Brown, *supra*, § 8:1489, p. 8H-22 [if "the motion to compel is granted and the party *disobeys* the court's order to respond, additional sanctions may *then* be imposed"]; *id.*, § 8:1498, p. 8H-27 [the "only sanction that can be imposed on a motion to compel further responses is a monetary sanction against the losing party"].)

## E.

We don't think the Legislature meant to give litigants opposing pro se parties a license to abuse the discovery process, and we think that the Legislature ought to consider special provisions for the situation that arises in a case such as this.

Until then, there are at least some costs that can be recovered. As *Argaman v. Ratan, supra,* 73 Cal.App.4th at page 1180 recognizes, a pro se litigant, including a lawyer, is entitled to recover reasonable expenses actually incurred.[6] If pro se litigants (including pro se lawyers) actually incur expenses for computer-assisted legal research, or photocopying, or transportation to and from court, or any other identifiable item, there is no reason those expenses cannot be recovered as discovery sanctions. It bears noting, we think, that even if a pro se lawyer could recover his "reasonable attorney's fees," that would not necessarily mean that he could recover the usual hourly rate (including both profit and overhead) at which he bills his clients for similar services or calculates his fees for other purposes, or that he could recover for all of the time he devoted to his own case. A client who had anyone other than himself for a lawyer might question the reasonableness of three and one-half hours spent on a boilerplate motion to compel production of documents, or the propriety of two hours charged for his appearance at a hearing held at the same time as other unrelated motions and

---

[6]*Argaman* says that, had "the Legislature intended for all litigants to be compensated for time and effort expended in connection with discovery abuses, it could have so provided." (*Argaman v. Ratan, supra,* 73 Cal.App.4th at p. 1180.) That's true, but we don't think it's quite that simple—since the Legislature *did* provide that everyone who abuses the discovery process with regard to interrogatories and requests for production shall *pay* the other party's reasonable expenses. The problem is that there is nothing of significance to pay when the abused party has not incurred attorney's fees.

a status conference. But legitimate costs that can be identified ought to be recoverable by all litigants, including those who appear pro se.

## Disposition

The petition is granted, and a peremptory writ will issue to direct the trial court (1) to vacate its award of sanctions except as to the $23 in costs included in the $1,673 award; (2) to afford Milner an opportunity to submit a declaration itemizing his other costs, if any; (3) to afford Kravitz and Rosenfield an opportunity to respond; and (4) to make such other orders as may be appropriate. Michelle Kravitz is to pay her own costs of appeal.

Ortega, Acting P. J., and Mallano, J., concurred.