[No. A060252. First Dist., Div. One. Jan. 26, 1994.]

JAMES E. NEGRETTE, Plaintiff and Appellant, v.
CALIFORNIA STATE LOTTERY COMMISSION, Defendant and
Respondent.

[Opinion certified for partial publication.*]

*Pursuant to California Rule of Court, rule 976.1, this opinion is certified for publication with the exception of footnote 1 on page 1742.

**COUNSEL**

John Nash for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, Jose R. Guerrero and Gregory J. Rolen, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**NEWSOM, J.**—After denial of his claim for the proceeds of a lottery ticket, in October of 1991 appellant filed an action against the California State Lottery Commission (hereafter respondent or the Commission) for damages in the amount of $50,000. Appellant alleged that he purchased a winning ticket in the "Joker's Wild" game, but through "oversight" mistakenly

mailed the ticket to the "Second Chance Draw" rather than immediately seeking to redeem it for the $50,000 prize. Respondent subsequently moved for summary judgment, based primarily upon the declaration of Charles S. Wenson and attached exhibits, which described the ticket "reconstruction" procedure undertaken by the Commission to determine the validity of appellant's claim. The motion for summary judgment was granted after a hearing. Appellant's subsequent motion for reconsideration was denied, and this appeal from the judgment entered in favor of respondent followed. We recite the pertinent facts presented to the trial court during the summary judgment proceeding.*

Appellant purchased a lottery ticket for the "Joker's Wild" Instant Game No. 34 on July 14, 1990, at the Lucky Store in Southland Mall Shopping Center, Hayward. He apparently believed after scratching off the symbols that he had not purchased a winning ticket, so he sent it to the address for the "drawing to be a Spin Pal," by which qualifying "non-winning Game 34 tickets" become eligible for the "Big Spin prize." After subsequent discussions with friends, appellant formed the opinion that his ticket was, in fact, a $50,000 winning ticket, and he so notified respondent. Appellant was thereafter permitted by respondent to search for his supposed winning ticket in "bins" of tickets submitted to the Spin Pal Draw, but was unable to recover it.

In August of 1990, appellant submitted a "Scratcher's Winner Claim" to respondent which provided information as to the date and location of the ticket purchase, but did not have a ticket number. Appellant's ticket was not found by respondent, so appellant's claim was "forwarded to the Security Division" in September of 1990 for a "detailed investigation." Without the 12-digit "VIRN number" for appellant's ticket, the security division was unable to determine from computer files the validity of appellant's claim. Therefore, respondent "requested the ticket printing vender, Scientific Games, Inc., to conduct a ticket reconstruction by reviewing its computer files for the 'Joker's Wild' Scratchers Game, Game No. 34, to determine whether or not a $50,000 winning ticket was delivered to the Southland Mall Lucky Store." The reconstruction revealed that "[t]here were no Game 34 tickets with the prize amount of $50,000 in the inventory of packs of tickets for Lucky Store No. 125, 24500 Hesperian Boulevard, Hayward, California." Accordingly, appellant's claim was denied in March of 1991 as "without substantial proof."

■ Appellant argues that the trial court granted summary judgment in favor of respondent based upon an incorrect standard of proof; he maintains

---

*See footnote, *ante*, page 1739.

that the statutory standard of "substantial proof" applicable to the evaluation of lottery claims is analogous to the "definition of substantial evidence" used by the appellate courts. He submits that under the proper interpretation of the substantial proof standard the trial court erred by granting summary judgment and precluding resolution of the dispute by a jury.

At the time of these events, validation of lottery prizes was governed by Government Code section 8880.32,[2] which empowered the Commission to "promulgate . . . regulations to establish a system of verifying the validity of prizes and to effect payment of prizes," and further provided: "(b) No prize may be paid arising from tickets or shares that are . . . not received or not recorded by the lottery by applicable deadlines, lacking in captions that confirm and agree with the lottery play symbols required by the lottery Game involved, . . . or not in compliance with additional specific rules and regulations and confidential validation and security tests appropriate to the particular lottery Game. The lottery *may* pay a prize even though the actual winning ticket is not received by the lottery if the lottery validates the claim for the prize based upon substantial proof." (Italics added.) "Substantial proof" is currently defined in section 8880.32, subdivision (b) as "any evidence that would permit the lottery to use established validation procedures, as specified in lottery regulations, to validate the claim."

The definition of "substantial proof," which was added to section 8880.32, subdivision (b) in 1991,[3] is entirely consistent with the remainder of the statute with its reference to evidence of "established validation procedures, as specified in lottery regulations," to validate a claim for a prize in the absence of receipt of an actual winning ticket. The meaning of section 8880.32 is quite obvious: the lottery is absolutely precluded from awarding a prize for a ticket not timely received or not in compliance with applicable "rules and regulations and confidential validation and security tests;" discretion is granted to the lottery to award a prize for a ticket not received if, under the "substantial proof" provision, the claim is validated by use of

---

[2]All further statutory references are to the Government Code.

Section 8880.32 was amended in 1992 (after the events herein) to delete the reference to promulgation of "rules" by the Commission (retaining promulgation of regulations only) and change capitalization of lottery from upper to lower case. (Stats. 1991, ch. 56, § 1, eff. June 17, 1991, and amended by Stats. 1992, ch. 500, § 3, eff. Aug. 17, 1992.) The deletion of the Commission's authority to enact "rules" is of no consequence in the case before us, which is governed by the California State Lottery Rules and Regulations in effect when appellant purchased his lottery ticket and this action was tried. In any event, for purposes of the present case, we perceive no difference between the promulgation of "rules" and "regulations."

[3]It was effective June 17, 1991, after appellant's claim was denied by respondent. (Stats. 1991, ch. 56, § 1.)

established validation procedures specified in lottery regulations. Thus are the various provisions of section 8880.32, subdivision (b) properly harmonized and made consistent with each other, an objective of statutory interpretation. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836]; *City of Lafayette* v. *East Bay Mun. Utility Dist.* (1993) 16 Cal.App.4th 1005, 1015 [20 Cal.Rptr.2d 658].)

Appellant insists that the definition of "substantial proof" added in 1991 cannot be retroactively applied to defeat his claim, which was made and denied prior to the effective date of the amendment. We find no impediment to the application of the statutory definition of "substantial proof" in the case before us. "A statute is retroactive if it substantially changes the legal effect of past events. [Citations.]" (*Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 7 [255 Cal.Rptr. 412, 767 P.2d 679].) An amendment which merely clarifies existing law may be given retroactive effect even without an expression of legislative intent for retroactivity. (*Bowen* v. *Board of Retirement* (1986) 42 Cal.3d 572, 575 [229 Cal.Rptr. 814, 724 P.2d 500]; *Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828, fn. 8 [114 Cal.Rptr. 589, 523 P.2d 629]; *Arcadia Redevelopment Agency* v. *Ikemoto* (1993) 16 Cal.App.4th 444, 457 [20 Cal.Rptr.2d 112].) We believe the addition of the substantial proof definition to the statute merely clarified existing law and did not impose additional requirements for discretionary validation of a claim. The requirement of compliance with existing validation procedures and specified rules existed even before the enactment of the substantial proof definition. The prior directive of section 8880.32, subdivision (b) specified that no prize could be awarded without compliance with appropriate validation and security tests; only then could the discretionary authority of respondent to award a prize "based upon substantial proof" be exercised.

We recognize that the California State Lottery "rules" effective when appellant's claim was evaluated generally defined "substantial proof" as " 'relevant evidence submitted by a claimant that a reasonable mind would accept as adequate to support a conclusion that a valid winning ticket exists or once existed and that the claimant is the owner of such a valid winning ticket. Such proof must be reasonable in nature, credible (believable) and of solid value.' "[4] Nevertheless, we are persuaded that the amendment of section 8880.21, subdivision (b) which added the statutory definition of substantial proof was a clarification of existing law rather than a substantial change in the legal effect of the statute. The definition of "substantial proof" found in the "CSL rules" and cited to appellant was general in nature and does not vitiate the clear and more specific statutory mandate—which

---

[4]Respondent defined "substantial proof" in accordance with "CSL rules" in a letter sent to appellant in October of 1990.

existed before the 1991 amendment—that no prize may be awarded without compliance with the rules and with appropriate validation tests. Nor is the general definition of "substantial proof" contained in the "CSL rules" inconsistent with the subsequent statutory definition provided by the 1991 amendment. The former definition is merely subsumed in the latter; that is, substantial proof requires compliance with established validation procedures, and must amount to otherwise solid and credible evidence.

■ Accordingly, even without reference to the definition of "substantial proof" added to section 8880.32 after appellant had purchased his lottery ticket—which expressly mandates use of "established validation procedures, as specified in lottery regulations, to validate the claim"—we would conclude, based upon the remainder of section 8880.32 and the rules, that upon proof by respondent of lack of compliance with validation and security tests appellant was not entitled to recover a lottery prize.

Here, it is undisputed that appellant did not present respondent with a valid winning ticket. Respondent further presented uncontradicted evidence that appellant's claim of a winning ticket did not comply with "validation and security tests" appropriate for the "California State Lottery Rules and Regulations for Scratchers" then in effect.[5] Respondent was therefore without discretion to award appellant a prize under section 8880.32, subdivision (b). Summary judgment in favor of respondent was proper. (Cf. *Aguimatang* v. *California State Lottery* (1991) 234 Cal.App.3d 769, 794 [286 Cal.Rptr. 57].)

We do not agree with appellant that he provided "substantial proof" of validation with his claim and declaration that he purchased a winning ticket. Upon purchasing his lottery ticket, appellant agreed to be bound by the Rules and Regulations. (*Hair* v. *State of California* (1991) 2 Cal.App.4th 321, 328 [2 Cal.Rptr.2d 871]; *Aguimatang* v. *California State Lottery, supra,* 234 Cal.App.3d at p. 793.) He failed to show either presentation of a winning ticket or compliance with the validation procedures found in the governing rules. Respondent, however, affirmatively and conclusively by its proof negated appellant's claim that he had received the ticket, and complied with the necessary validation procedures. Under such circumstances awarding a prize to appellant would exceed the authority given to respondent by section 8880.32. We find, moreover, no opposing evidence suggesting possible error in respondent's procedures.

■ Finally, we reject appellant's contention that the declaration of Charles S. Wenson, information security officer for respondent, was inadmissible hearsay. Wenson described validation procedures and requirements

---

[5]All further references to "Rules and Regulations" are to the California State Lottery Rules and Regulations for Scratchers, which are part of the record on appeal.

undertaken with respect to appellant's claim, all of which were within his personal knowledge. Attached as exhibits to the Wenson declaration were the "working papers" and the rules and regulations governing the conduct of the Joker's Wild game. We view the declaration as admissible and as constituting sufficient evidence to establish that respondent is entitled to summary judgment as a matter of law. (*Aguimatang* v. *California State Lottery*, *supra*, 234 Cal.App.3d at p. 799.)

The judgment is affirmed.

Strankman, P. J., and Stein, J., concurred.

A petition for a rehearing was denied February 24, 1994.