Filed 4/23/15  P. v. Aguirre CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077310 |
| Plaintiff and Respondent, | (Super. Ct. No. CM009631) |
| v. | |
| CURTIS EUGENE AGUIRRE, | |
| Defendant and Appellant. | |

In November 2013, defendant Curtis Eugene Aguirre filed in pro se what he titled a petition for a writ of habeas corpus (though invoking Pen. Code, § 1170.126)[1] to recall his 1998 indeterminate prison term for resentencing, the supporting materials for which were essentially irrelevant.  The statute, enacted as part of a November 2012 initiative measure, provides retrospective relief under narrow criteria from indeterminate life terms

---

[1] Undesignated statutory references are to the Penal Code.

1

imposed for recidivism.[2]  The original trial judge presided over the matter (§ 1170.126, subd. (b)), appointing counsel for defendant.

The prosecutor filed opposition, which conceded that defendant was eligible for relief (§ 1170.126, subd. (e)), but incorporated his criminal history and prison records in support of the argument that defendant constituted an ongoing unreasonable risk of danger to the public and thus was not entitled to relief (§1170.126, subds. (f), (g)). Appointed counsel conceded that defendant's criminal history and prison record were of some concern, but argued that defendant's age (and the many years he had already served of his prison term) indicated that he would not pose an unreasonable risk of danger. Counsel asserted the trial court as a result should resentence defendant to a determinate sentence of double the term otherwise applicable to his convictions, i.e., the same sentence defendant would receive under the prospective amendments to section 667 in the initiative.  (§ 1170.126, subd. (f); see § 667, subd. (e)(1).)  Defendant waived an updated probation report.

After a hearing, the trial court agreed that defendant was eligible for resentencing. However, it found that his prison record demonstrated an absence of rehabilitation, and therefore he continued to represent "a serious threat to society."  Defendant filed a timely notice of appeal.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595 [denial of recall petition appealable].)

---

[2]  As defendant has pursued relief from a final conviction pursuant to section 1170.126, we do not need to address the contretemps regarding whether a defendant whose sentence is not yet final on appeal is entitled to application of related prospective amendments to the recidivist provisions of section 667 without filing a petition for recall pursuant to section 1170.126.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168 [not retroactive].)  The issue is presently pending in the Supreme Court.  (See, e.g., *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275 [case fully briefed as of May 2014].)

Defendant does not contest the trial court's exercise of discretion under section 1170.126 in July 2014. He instead argues only that section 1170.18, enacted as part of an initiative in the November 2014 General Election, should apply retroactively on appeal to his case. This new provision states that it defines "unreasonable risk of danger to public safety" as "used *throughout this Code*" as being the commission of a new felony "within the meaning of [section 667, subdivision (e)(2)(C)(iv)]." (§ 1170.18, subd. (c), italics added.) The initiative is silent about its application to cases that are not yet final on appeal, such as defendant's.[3] Defendant contends that as a result of this enactment we should either reverse the order denying relief with directions to grant the petition because he is not a danger to society as a matter of law under the new standard, or remand to the trial court to exercise its discretion under the new definition. We disagree and shall affirm the order denying the petition.

Given the narrow legal issue presented, we do not need to add any further facts to those set out in our introduction. We instead proceed to the Discussion.

## DISCUSSION

The Penal Code presumes the prospective effect of any provision added to it unless a *manifest* intent to the contrary appears in extrinsic indicia. (*People v. Brown* (2012) 54 Cal.4th 314, 319 (*Brown*).) However, *In re Estrada* (1965) 63 Cal.2d 740 established the principle that a reduction in punishment yields an "inevitable" intrinsic inference of retroactive application to all cases not yet final on appeal absent some form

---

[3] We will *assume* in this context that we must accept the plain language of the statute as applying to section 1170.126. We reserve the issue of whether we *must* do this for the few cases remaining in which section 1170.18 could have been given prospective effect before the limitations period for section 1170.126 petitions expired. (§ 1170.126, subd. (b) [Nov. 7, 2014, except for good cause].)

of "saving clause" from which a court can find an intent for prospective application. (*Id*. at pp. 744-745, 747-748.)

Nonetheless, the *Estrada* principle applies *only* where there is the reduction of a *particular* punishment for a *particular* crime. (*Brown*, *supra*, 54 Cal.4th at pp. 324-325.) As a result, the increase in conduct credits at issue in *Brown*, which was of *general* application to all presentence custody (resulting in a *generally* applicable reduction in punishment), did not satisfy these restated criteria for applying the *Estrada* principle. (*Brown*, at pp. 317-318, 325.)

By a parity of reasoning, even if we find that section 1170.18 results in a constriction on a trial court's discretion to deny a resentencing petition under section 1170.126 that would benefit a defendant (because it would make resentencing to a reduced term more easily available as a result of narrower criteria for denying relief), this is a statute that *generally* applies across a *class* of defendants, and accordingly does not satisfy the restated *Estrada* criteria for applying an inevitable intrinsic inference of retroactive application to cases not final on appeal.[4]

We reached the same conclusion in *People v. Crockett* (2015) 234 Cal.App.4th 642, 660-661, petition for review filed March 25, 2015, S225198,[5] and while the case is not yet final, we adhere to the identical reasoning expressed in it.[6]

---

[4] As a result, we do not need to determine if there is a saving clause that prevents the application of this *Estrada* inference, and thus defendant's discussion of "saving clause" cases is beside the point.

[5] The issue is pending in the Supreme Court. (*People v. Chaney* (2014) 231 Cal.App.4th 1391, petition for review granted February 18, 2015, S223676.)

[6] The parties focus their arguments on *People v. Valencia* (2014) 232 Cal.App.4th 514, review granted February 18, 2015, S223825. However, the grant of review renders these arguments moot, and in any event the analysis in these arguments is not persuasive either way.

4

Defendant's discussion of *Estrada* does not consider the limitation *Brown* put on any expansive reading of *Estrada*. His citation of *Holder v. Superior Court* (1969) 269 Cal.App.2d 314, which well antedates *Brown*, is accordingly inapposite.

Defendant contends we should accord intrinsic significance to the enactment of this definition of "unreasonable risk of danger to public safety" (§ 1170.18, subd. (c)) at the very end of the period for filing a recall petition, because section 1170.126 is the only other Penal Code provision to which it could apply and it would not otherwise have any benefit for the vast majority of section 1170.126 petitioners unless given retroactive effect. We do not agree this bespeaks an *unambiguous* intent to apply this new definition retroactively. While it is true that the phrase otherwise appears only in section 1170.126 (we note that it has its genesis in a regulation that governs parole determinations (Cal. Code Regs., tit. 15, § 2281, subd. (a)), and is regularly employed in case law governing those determinations), a more reasonable intent for wanting to apply section 1170.18 "throughout" the Penal Code is having the definition in place for the enactment of any *future* ameliorative sentencing procedures, rather than infer a retroactive intent on an issue otherwise not addressed in election materials that could have been easily stated expressly.

As nothing in the materials connected with the enactment of the statute otherwise presents any unambiguous *extrinsic* indicia of retroactive intent, we apply the Penal Code's default rule of prospective application and disregard section 1170.18 in cases pending on appeal.

We do not find anything in the argument defendant otherwise presents that calls our analysis into question in the civil cases he cites, which are not apposite. *Beckman v. Thompson* (1992) 4 Cal.App.4th 481, 489, expressly notes that it does *not* involve an issue of retroactive application of a new statute, but a repeal. *Re-Open Rambla, Inc. v. Board of Supervisors* (1995) 39 Cal.App.4th 1499, 1510-1511, and *Negrette v. California*

5

*State Lottery Com.* (1994) 21 Cal.App.4th 1739, 1743-1744, both expressly note that they involve a new enactment that declares itself a *clarification* of existing law, which does *not* present any question of retroactive application. Finally, *Kuykendall v. State Bd. of Equalization* (1994) 22 Cal.App.4th 1194, 1199, involved a *preliminary injunction*, in which a reviewing court *must* apply the law in effect at the time it renders its decision (*Collateral Loan & Secondhand Dealers Assn. v. County of Sacramento* (2014) 223 Cal.App.4th 1032, 1038 (*Collateral Loan*)), given that it is a *provisional* remedy.

Since we do not agree that section 1170.18 applies retroactively, we do not agree that its definition results in an abuse of discretion in the denial of defendant's petition. We also reject the alternative argument that we must remand for the trial court to exercise its discretion in light of the statute's criteria. (*Collateral Loan*, *supra*, 223 Cal.App.4th at p. 1041, fn. 7 [ordinarily, appellate court reviews discretion and does not exercise it in the first instance on appeal]).

## DISPOSITION

The order is affirmed.

                                           BUTZ           , J.

We concur:

     HULL          , Acting P. J.

     HOCH        , J.